SULLIVAN, Judge
(concurring in part and dissenting in part):
Appellant was charged with the premeditated murder of her baby (Article 118(1), UCMJ, 10 USC § 918(1)), but the members found her guilty of the unpremeditated murder of this newborn. Article 118(2), UCMJ. The Court of Criminal Appeals, in its first decision in this case, set aside appellant’s conviction for unpremeditated murder based on the factual insufficiency of the evidence of her intent to kill. 47 MJ 603 (1997). It affirmed a conviction of a lesser offense of involuntary manslaughter, in violation of Article 119, UCMJ, 10 USC § 919, based on her culpably negligent conduct in obstructing medical care for her child. We set aside that finding of guilty on legal grounds because the particular prosecution theory on which the appellate court found involuntary manslaughter was not submitted to the military jury. See United States v. Standifer, 40 MJ 440, 445 (CMA 1994).
Our prior opinion remanding this case (50 MJ 410 (1999)) did not suggest that the lower appellate court could reconsider appellant’s guilt of premeditated murder under Article 118(1), UCMJ, or unpremeditated murder under Article 118(2), UCMJ. However, we did permit reconsideration of appellant’s guilt of involuntary manslaughter or negligent homicide. We stated:
It is not clear, however, whether that court [the Court of Criminal Appeals] also found the evidence factually insufficient to support a conviction of a lesser-included offense premised on negligent infliction of the fatal injuries on the baby. Accordingly, we will remand the case to the court below for clarification of its decision and reconsideration under correct legal principles.
50 MJ at 416.
Since the appellate court below had previously approved a finding of guilty to involuntary manslaughter under Article 119(b)(1), UCMJ, and we set it aside on the basis of legal error, a retrial on this offense and lesser-included offenses was permitted. See Article 67(d), UCMJ, 10 USC § 867(d). The lower court’s present findings of guilty to involuntary manslaughter based on a different theory of culpable negligence did not per se violate our remand order. 52 MJ 825 (2000).
The prior opinion of this Court also did not prohibit the appellate court below from reconsidering the evidence in this case and making specific findings of fact supporting a finding of killing by culpable negligence or simple negligence. The premise of our earlier remand was that no clear findings as a matter of fact and law could be discerned on these issues. (What factually happened, and did it constitute culpable or simple negligence?) In particular, there were no findings of fact in this case by the appellate court below that appellant did not stuff a paper towel into her baby’s mouth and apply force to the baby’s skull in a certain manner.
The majority opines that the appellate court below erred in making new findings of fact in this case to support a finding of guilty to a lesser-included offense of involuntary manslaughter. It states:
The mandate of this Court was to clarify ambiguous findings. A mandate to clarify a finding that the evidence was insufficient to establish the manner of death does not encompass overturning that finding and substituting specific findings that ap-pellee stuffed a paper towel into the baby’s mouth and applied force to the baby’s skull.
55 MJ at 189 (emphasis added).
As noted above, we previously concluded that the appellate court below in its initial opinion did not make such a finding, and it only held that “the evidence [was] factually insufficient to support a conviction of unpremeditated murder.” 50 MJ at 416. Moreover, if the majority’s new expansive view of the lower court’s first holding is correct, this case should not have been remanded to the Court of Criminal Appeals in the first place. This is because both lesser-included offenses require proof that appellant’s negligence caused the victim’s death, *192 which could not exist if the manner of death cannot be determined. See paras. 44b(2)(b) and 85b(2), Part IV, Manual for Courts-Martial, United States (2000 ed.).
Nevertheless, the Court of Criminal Appeals did not properly affirm a finding of guilty for involuntary manslaughter under Article 119(b)(1), UCMJ. Our remand order also stated:
Reconsideration must be consistent with our holding that culpability based on the withholding of medical care, either intentionally or negligently, was never submitted to the trier of fact and thus is precluded as a basis for affirmance, as a matter of due process.
50 MJ at 416. The appellate court below affirmed this case on the basis of another theory of guilt not actively pursued at trial by the prosecution, ie., “appellant stuffed a paper towel in her baby’s mouth to muffle any cries and then applied force to the skull of her infant in a gross and reckless manner which, when viewed in the light of human experience, might forseeably result in the infant’s death.” 52 MJ at 829. Accordingly, for the same reason the lower court’s earlier affirmance of involuntary manslaughter was previously reversed, we must reverse again. See 50 MJ at 415-16.
Accordingly, once again, I agree that a remand in this case is warranted to make clear the findings of the appellate court below. It should consider whether particular lesser-included offenses occurred, either involuntary manslaughter under Article 119(b)(1), UCMJ, or negligent homicide under Article 134, UCMJ, 10 USC § 934, based on the negligent birthing theory of guilt espoused by prosecution at trial. (R. 539, 551, 555)